O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-0930 DOC(RNBx)                                        Date: October 30, 2009

Title: Robert M. Forester v. Pennsylvania Higher Education Assistance Agency dba American Educational Services, The Educational Resources Institute, and Does 1-5

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
              Date:_____   Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                     NONE PRESENT

PROCEEDING (IN CHAMBERS):     GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

        Before the Court is Defendant American Education Services/Pennsylvania Higher Education Assistance Agency's ("AES") Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (the "Motion"). The Court finds this matter appropriate for decision without oral argument. FED. R. CIV. P. 78; Local R. 7-15. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court hereby GRANTS in part and DENIES in part the Motion.

**I. BACKGROUND**

        Plaintiff Robert M. Forester ("Plaintiff") obtained five student loans (the "Loans") through Keybank between September 17, 1991 and April 1, 1994. Repayment of the Loans by Defendant, The Education Resources Institute ("TERI"), was guaranteed in the event of default. AES serviced the loans on behalf of Keybank. Plaintiff began repayment of the loans in January 1995. In

September 2003, the loans became delinquent. Plaintiff alleges that AES made a claim to TERI for repayment of the Loans pursuant to TERI's guarantee.

In October 2003, AES, Keycorp, and/or Keybank, engaged the Zwicker & Associates ("Z&A") collection agency to persuade Plaintiff to rehabilitate the loans. Plaintiff claims that in October 2003, Z&A, with fully informed consent from TERI and AES (collectively, "Defendants"), represented to Plaintiff that if he rehabilitated the Loans, all derogatory information relating to any such Loan would be deleted from his credit reports. Based on these representations, Plaintiff rehabilitated the Loans. Plaintiff alleges that AES had firsthand knowledge of the rehabilitation.

Defendants presently report two separate trade lines for each Loan to several credit bureaus. Defendants report on one trade line that the Loan is "charged off" as "bad debt." Defendants report on the other trade line that the same loan is outstanding and current. Plaintiff claims that this is misleading information. On June 11, 2005, Plaintiff sent a letter to AES and Keybank informing them that the Loans continued to be erroneously reported as charged off and demanding that the Defendants correct the information. On May 8, 2006, Plaintiff brought suit against AES, Keycorp, and Keybank for violations of California Business & Professions Code § 17200, defamation, and civil conspiracy. *See Forester v. Pennsylvania Higher Education Assistance Agency, et al.*, Superior Court of the State of California, County of Orange (Case No. 06CC05870). On August 1, 2006, Plaintiff filed a request for dismissal of the May 2006 action without prejudice, which was granted. *Id.*

On January 17, 2008, Plaintiff sent AES a "Notice of Dispute" advising AES that he was denied credit because of his credit report from the Equifax credit reporting agency ("Equifax") and attendant FICO score which Plaintiff attributes to AES's continued reporting of the Loans as "charged off." AES did not issue a response. On January 29, 2008, Plaintiff disputed the tradelines with Equifax and requested that they verify and delete the representation by AES that his Loans had been charged off. Equifax forwarded a notice of the dispute to AES who verified and ratified the allegedly incorrect information. On February 1, 2008, Plaintiff sent a second Notice of Dispute to AES. On February 4, 2008, Plaintiff initiated a complaint with the California Office of Attorney General, Public Inquiry Unit, seeking assistance to have AES correct its credit reporting. On February 28, 2008, the Attorney General's Office forwarded Plaintiff's complaint to AES. In a letter dated March 31, 2008, AES responded to the Attorney General's letter. In this letter, AES admitted that TERI paid the debt on the original loan and that Plaintiff rehabilitated the Loans and continues to pay off his debt.

Plaintiff now alleges that Defendants' continued failure to update their records has been intentional and malicious. Plaintiff seeks judgment against all Defendants for violations of the Fair Credit Reporting Act ("FRCA") U.S.C. §§ 1681-1681u and for violations of Cal. Bus. & Prof. Code § 17200. Plaintiff filed his original complaint in the Superior Court of California, County of Orange, on February 13, 2009. AES filed a Notice of Removal in this Court on August 11, 2009. On August 17, 2009, AES brought a Notice of Motion and Motion to Dismiss. On September 1, 2009, Plaintiff filed his first amended complaint. On September 3, 2009, this Court vacated AES's first Motion to Dismiss

as Moot. On September 14, 2009, AES brought the instant Notice of Motion and Motion to Dismiss.

## II. LEGAL STANDARD

### A. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Id.* at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). However, if the complaint "lacks a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory," it must be dismissed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under a 12(b)(6) motion analysis, the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, the Court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the documents; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

## III. DISCUSSION

### A. Judicial Notice

AES requests that the Court take judicial notice of the following documents, all which of

relate to the previous action entitled *Forester v. Pennsylvania Higher Education Assistance Agency, et al.*, Superior Court of the State of California, County of Orange (Case No. 06CC05870): (1) the complaint filed in the action; (2) Defendant Key Bank's motion to dismiss; (3) Key Bank's demurrer; (4) AES's demurrer; (5) the Court's notice of a case management conference; and (6) Plaintiff's request for dismissal without prejudice. Since the foregoing documents are matters of public record, AES's request for judicial notice is GRANTED. *See Parks School of Business, Inc.*, 51 F.3d at 1484; *Mack*, 798 F.2d at 1282.

### B. Violation of the Fair Credit Reporting Act

Plaintiff alleges that Defendants failed to conduct an investigation after Plaintiff disputed the erroneously reported credit information with the Equifax credit reporting agency in violation of 15 U.S.C. § 1681s-2(b) (2005). Compl. ¶¶ 38-43. Although Plaintiff's first amended complaint vaguely states which provisions of the FCRA that Defendants allegedly violated, his Opposition clarifies that he only asserts a claim under § 1681s-2(b).[1] Plaintiff further claims that Defendants' acts constitute violations of 15 U.S.C. § 1681s(b) and violations of the FTC Act, 15 U.S.C. § 45(a), pursuant to 15 U.S.C. § 1681s(a)(1). *Id.* ¶ 44.

The FCRA provides consumers with a procedure through which they can address any dispute they might have as to the completeness or accuracy of their consumer files. 15 U.S.C. § 1681i. When a consumer reporting agency ("CRA") receives notice of a dispute from any consumer in accordance with § 1681i(1), the CRA, "shall provide notification of the dispute to any person who provided any item of information in dispute." *Id.* § 1681i(a)(2). Section 1681s-2(b)(1)(A) provides that, "after receiving notice pursuant to Section 1681i(a)(2) . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a [CRA]," the furnisher of information is required to fulfill a number of duties including conducting an investigation with respect to the disputed information.

Claims under § 1681s-2(b) may be brought no later than the earlier of "(1) two years after the date of discovery by the Plaintiff of the violation that is the basis for such liability; or (2) five years after the date on which the violation that is the basis for such liability occurs." *Id.* § 1681p. "The date on which liability arises depends on which provision was allegedly violated." *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1097 (9th Cir. 2003). A Section 1681s-2(b)(1) violation "is triggered only after the consumer notifies the CRA, and the CRA then notifies the furnisher of credit." *Nelson v.*

---

[1] In his Complaint, Plaintiff labeled his first cause of action "Violation of the [FCRA] - U.S.C. §§ 1681- 1681u." Compl. 8:13-16. Within his discussion of this cause of action, Plaintiff cites to sections of the FCRA, but he does not specifically allege which sections Defendants violated. In his response, Plaintiff clarifies that he "does not assert a claim under Section 1681s-2(a)." Resp. 3:6-7. Rather, Plaintiff claims that, "he complied with the FCRA requirements as set forth in Section 1681s-2(b)." *Id.* 3:4. The Court interprets this statement to mean that Plaintiff alleges that Defendants violated 15 U.S.C. § 1681s-2(b).

*Equifax Information Services, LLC*, 522 F. Supp. 2d 1222, 1231 (C.D. Cal. 2007) (citing *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002)); *see also Sweitzer v. American Express Centurion Bank*, 554 F. Supp. 2d 788, 794 (S.D. Ohio 2008); *see also Lowe v. Surpas Resource Corp.*, 253 F. Supp. 2d 1209, 1253-1254 (D. Kan. 2003) (holding that "the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the information is disputed.").

AES contends that the two-year statute of limitations applies to Plaintiff's claims and that any cause of action that accrued prior to February 13, 2007 is therefore barred. AES argues that the statute of limitations should begin to run when Plaintiff first became aware of the inaccuracies in his credit reports in June 2005. However, Defendants' duty to investigate under the FCRA was triggered when, after Plaintiff notified Equifax of the dispute, Equifax forwarded the notice of dispute to AES, not when Plaintiff first learned of these inaccuracies. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d at 1059. Although Plaintiff was aware of this erroneous information since June 2005, it was not until January 29, 2008 that he disputed the reporting of his loans with Equifax *for the first time*, and that Equifax notified AES of the dispute, thereby triggering AES's duty to investigate his dispute. Thus, the relevant alleged violation is Defendants' failure in January 2008 to conduct an investigation after Equifax forwarded Plaintiff's notice of dispute to them pursuant to Section 1681i(a)(2). *See Blackwell v. Capital One Bank*, 2008 WL 793476 at * 2 (S.D. Ga. 2008) (holding that the appropriate date to consider is the information furnisher's failure to investigate inaccuracies properly). Therefore, the January 2008 violation is the basis for liability under § 1681s-2(b) and occurred within the statute of limitations time period.

AES further argues that Plaintiff's claim is barred because Plaintiff's January 2008 dispute is based on the same inaccurate information that Plaintiff was aware of since June 2005. AES relies on *Bittick v. Experian Info. Solutions, Inc.* for the proposition that "a subsequent dispute of the same previously disputed information within the limitations period would not extend the limitations period." Mot. 10:7-10; 419 F. Supp. 2d 917 (N.D. Tex. 2006). In *Bittick*, the plaintiff reported inaccuracies in her credit report to defendants CRAs in 2001, but she did not file her suit until 2005. *Id.* Although the plaintiff made an additional report to the CRAs in 2003, the Court held that this additional report could not "restart the limitations clock." *Id.* at 919. In the present case, Plaintiff disputed information with a CRA only on one occasion, which was in January 2008. Thus, the primary concern in *Bittick*, that allowing Plaintiff to "indefinitely extend the limitations period by simply sending another complaint letter to the [CRA]" does not arise in this case. *Id.* at 919. Furthermore, the plaintiff in *Bittick* alleged that the defendant CRAs violated 15 U.S.C. §§ 1681b, 1681e, and 1681i. *Id.* at 917. In the present case, Plaintiff only alleges a violation of § 1681s-2(b) which relates specifically to the responsibilities of furnishers of information to CRAs as opposed to the responsibilities of CRAs. *Id.* at 918.

AES's reliance on *Hancock v. Charter One Mortgage* is also inapplicable to the present case, although for different reasons. 2008 WL 2246042 (E.D. Mich. 2008). In *Hancock*, the plaintiffs brought suit against the defendant bank which had provided inaccurate information to a CRA. *Id.*

These plaintiffs filed a dispute with a CRA in 2004, triggering the defendant's duty to rectify the situation, which defendants allegedly failed to do. *Id.* However, the plaintiffs waited until 2007 to file their suit. *Id.* Therefore, the *Hancock* plaintiffs' claim clearly did not meet the statute of limitations. *Id.* In the present case, Plaintiff filed a dispute with a CRA in 2008 and filed the present suit on February 13, 2009, clearly within the statute of limitations pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1681s-2(b).

The bulk of Plaintiff's factual allegations do relate to conduct that took place between 1991 and 2005 and which served as the basis for Plaintiff's 2006 lawsuit that Plaintiff voluntarily dismissed. However, in this suit, Plaintiff has alleged new factual allegations that occurred within the statute of limitations period. Therefore, Defendant's Motion to Dismiss Plaintiff's claims under the FCRA is DENIED.

### C. Violation of California Business & Professions Code § 17200

In addition to his claims under the FCRA, Plaintiff claims that Defendants' conduct violated Cal. Bus. & Prof. Code § 17200. Compl. ¶¶ 49-56. Plaintiff alleges that Defendants promised that his credit report would not show any derogatory history if he rehabilitated the Loans in October 2003. *Id.* ¶ 50. Despite this promise, Plaintiff alleges that Defendants, for their own pecuniary gain, intentionally reported inaccurate information to CRAs, including Experian and Equifax. *Id.* Plaintiff claims that Defendants' promise was misleading and induced him to enter into the rehabilitation transaction in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500. Although Plaintiff now claims that the aforementioned misrepresentation "lies at the core" of this cause of action, Plaintiff further alleges that Defendants' failure to investigate the accuracy of their credit reporting also constitutes a violation of Cal. Bus. & Prof. Code § 17200. Pl.'s Opp. 4:2-3. AES contends that Plaintiff's state law claims are barred by the statute of limitations provided by Cal. Bus. & Prof. Code § 17208. Alternatively, AES argues that these claims are preempted by the FCRA.

A cause of action for violations under Cal. Bus. & Prof. Code § 17200 must be brought within four years after the cause of action accrues. Cal. Bus. & Prof. Code § 17208. Plaintiff alleges that the alleged misrepresentation occurred "in or around October 2003 when, Z&A, with fully informed consent and authority from TERI and AES, represented to Plaintiff that if he elected to rehabilitate the Loans, all derogatory information relating to any such rehabilitated Loan would be deleted from his credit reports." Compl. ¶ 22. Since this misrepresentation occurred in October 2003, the statute of limitations for filing a suit with respect to these specific acts ran in October 2007. As this suit was filed on February 13, 2009, Plaintiff's claim relating to any conduct that occurred in October 2003 is barred by the statute of limitations. Cal. Bus. & Prof. Code § 17208.

The only possible claim that Plaintiff brings under Cal. Bus. & Prof. Code § 17200 that is not barred by the statute of limitations is the claim that Defendants failed to investigate the accuracy of their credit reporting after Plaintiff filed a "Notice of Dispute." AES contends that these claims are preempted by the FRCA, 15 U.S.C. §§ 1681t(a) and 1681t(b)(1)(F). Section 1681t(a) provides, in

pertinent part: "Except as provided in subsections (b) and (c) of this section, this subchapter does not . . . exempt any person subject to the provisions of this subchapter from complying with the laws of any State . . . except to the extent that those laws are inconsistent with any provision of this subchapter." 15 U.S.C. § 1681t(a). Section 1681t(b)(1)(F) provides: "No requirement or prohibition may be imposed under the laws of any State - - with respect to any subject matter regulated under - - Section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies except that this paragraph shall not apply . . . with respect to Section 1785.25(a) of the California Civil Code."[2] *Id.* § 1681t(b)(1)(F). Although courts in the Ninth Circuit have taken different approaches in their interpretations of § 1681t(b)(1)(F), the most recent cases considering this issue have held that this section totally preempts "all state statutory and common law causes of action which fall within the conduct proscribed by § 1681s-2." *Buraye v. Equifax*, 625 F. Supp. 2d 894, 899 (C.D. Cal. 2008) (citing *Woods v. Protection One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173, 1182 (E.D. Cal. 2007)); s*ee also Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1129, 1143-1144 (N.D. Cal. 2005) (finding Cal. Bus. & Prof. Code § 17200 claims preempted by the FCRA).

Plaintiff argues that his state law claims are not preempted pursuant to §1681t(a) due to the consistency between Cal. Bus. & Prof. Code §§ 17200 and 17500 and the FCRA. Pl.'s Opp. 4:12-14. While both laws do relate to the duties of the furnishers of information to CRAs, Plaintiff fails to take the entirety of §1681t(a) into consideration when asserting that this section does not preempt his state law claims. The first part of 1681t(a) clearly states that subsection (a) is subject to further restrictions set forth in subsections (b) and (c). 15 U.S.C. § 1681t(a). Section 1681t(b)(1)(F) falls under one of these exceptions and provides that no state laws shall apply to claims that also arise under § 1681s-2. All of Plaintiff's allegations, including those that are time-barred, relate to Defendants' responsibilities as furnishers of information to CRAs and therefore implicate the subject matter of § 1681s-2. Thus, Plaintiff's claims are preempted by the FCRA. *See Johnson v. JP Morgan Chase Bank*, 536 F. Supp. 2d 1207, 1215 (E.D. Cal. 2008) (citing *Roybal v. Equifax*, 405 F. Supp. 2d. 1177 (E.D. Cal. 2005).

Although Plaintiff provides an extensive history of case law relating to the preemption provisions of the FCRA, he fails to provide any persuasive authority supporting his proposition that his state claims are not preempted. The Court finds that Plaintiff's claim under Cal. Bus. & Prof. Code § 17200 is preempted by the FRCA, 15 U.S.C. § 1681t(b)(1)(F). AES's Motion to Dismiss Plaintiff's claim under Cal. Bus. & Prof. Code § 17200 is GRANTED.

**IV. OUTCOME**

---

[2] Cal. Civ. Code § 1785.25(a) provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Plaintiff does not assert a cause of action based on this statute.

For the foregoing reasons, Defendant's Motion is DENIED in part as to the claim for violations of the FCRA and is GRANTED in part with leave to amend as to the violations of Cal. Bus. & Prof. Code § 17200.

Plaintiff shall have twenty (20) days to amend the Complaint.

The Clerk shall serve this minute order on all parties to the action.